**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MICHAEL GANAWAY,

    Plaintiff,

v.

MARCOLIN, U.S.A.,

    Defendant.

Case No. 1:18-cv-316

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Michael Ganaway, proceeding pro se, initiated this case in the Hamilton County, Ohio Court of Common Pleas. Based upon the parties' diversity of citizenship, Defendant removed the case to this Court on May 8, 2018. On May 10, 2018, Defendant filed a motion to dismiss all claims asserted for failure to state a claim. Plaintiff responded, in part, with a construed motion to remand this case to state court.

Pursuant to local practice, the case has been referred to the undersigned magistrate judge for initial consideration and a Report and Recommendation. For the reasons discussed, I now recommend that Plaintiff's motion be DENIED and that Defendant's motion to dismiss be GRANTED.

    **I.    Background**

Plaintiff brings three separate claims against his former employer, identified in the complaint as "Marcolin, U.S.A" (hereinafter "Marcolin").[1] Specifically, Plaintiff alleges that

---

[1] In its corporate disclosure statement and motion to dismiss, Defendant represents that its correct name is "Marcolin USA Eyewear Corp."

1

Marcolin is liable for defamation of character, for breach of contract and for wrongful termination. (Doc. 3).

In support of his defamation claim, Plaintiff alleges that Marcolin made false statements about Plaintiff in the course of a "counter claim" filed in an Ohio Unemployment proceeding. (*Id.* at 2). Plaintiff further alleges that Defendant stated in that proceeding that Plaintiff had acted unprofessionally, lacked customer service skills, and was "rude." (*Id.*) Contrary to the Defendant's representations, Plaintiff asserts that he "tried to address the issue [during an incident with a disgruntled customer] in a professional manner." (*Id.*) He alleges that the Defendant's "defamation" caused him to be denied unemployment benefits and other financial harm. (*Id.*)

In his second "breach of contract" claim, Plaintiff alleges that Marcolin "through Mrs. Boedeker guaranteed…that [Plaintiff]…was walking into a territory immediately generating $75,000 in income when in fact it was less [than] $54,000 in income." (*Id.* at 3). In his last claim, Plaintiff alleges he was wrongfully terminated based on his sexual orientation, in violation of Marcolin's handbook that outlined a progressive disciplinary policy for employees. (*Id.* at pages 3-4).

After removing the action from state court to this Court, Defendant filed both an answer and a motion to dismiss. (Docs. 4, 5). When Plaintiff filed no timely response to Defendant's motion, the undersigned directed him to "show cause" why the motion should not be construed as unopposed and granted. (Doc. 8).

In response to the Court's "show cause" Order, Plaintiff filed documents that have been docketed as a "counter-answer," (Doc. 10), a "Motion to Show Cause from Plaintiff and Motion to Move Case Back to Common Pleas Court of Hamilton County," (Doc. 11),

2

a "Response to Order to Show Cause," (Doc. 13), and a "Response in Opposition" to Defendant's motion to dismiss (Doc. 14). The latter three documents are identical and, while docketed separately, are construed together as a response in opposition to Defendant's motion, and a motion to remand. (*See* Clerk's Notice of Correction 07/03/18). Defendant has filed a reply in support of its motion to dismiss as well as a response in opposition to the construed motion to remand. (Docs. 16, 17).

Additionally, Plaintiff has filed a document entitled "Appointment of Attorney-in-Fact or Power of Attorney for Plaintiff," (Doc. 12), in which Plaintiff states that "after consultation with his physician, [Plaintiff] feels representing himself will cause undo [sic] hard[ship] to his health. The Plaintiff suffers and is on medication for Hyper-tension and high blood pressure." (Doc. 12). The "counter-answer" is not a cognizable pleading under Rule 8, Fed. R. Civ. P. Neither that document nor Plaintiff's "appointment of attorney" require further action from this Court.

**II.     Standard of Review**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *See Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) (internal quotation marks and citations omitted).

"When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Gadberry v. Bethesda*, 608 F. Supp.2d 916, 918 (S.D. Ohio 2009). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,127 S.Ct. 1955 (2007), the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.*, 127 S.Ct. at 1969. At its outset, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965; *accord Ashcraft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1950 (2009); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While a complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

The pleading of a pro se litigant is construed liberally. *Erickson v. Pardus*, 127 S. Ct. at 2200 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At the same time, although *pro se* complaints are held to less stringent standards as compared with formal

4

pleadings drafted by attorneys, the Court will neither "conjure up unpled allegations…nor create a claim for Plaintiff." *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (internal quotation marks and additional citations omitted).

### III. Analysis

#### A. Plaintiff's Motion to Remand

The undersigned first addresses Plaintiff's construed motion to remand this case to state court, because of the jurisdictional challenge presented. Defendant removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1446. Diversity jurisdiction is appropriate to the extent that the amount in controversy exceeds $75,000, and the plaintiff and defendant are residents of different states. 28 U.S.C. § 1332.

Plaintiff is an Ohio resident. His original complaint identifies the Defendant Marcolin as a New Jersey corporation with an address in Somerville, New Jersey. In his complaint, Plaintiff seeks $189,000 in specific monetary relief, plus attorney's fees and any other damages the Court deems to be justified. (Doc. 3 at 4). Under 28 U.S.C. §1446(c)(2), the sum demanded in the complaint is deemed to be the amount in controversy so long as the claim is in good faith.

In his construed motion to remand, however, Plaintiff appears to argue that this case no longer meets the "amount in controversy" jurisdictional threshold. Specifically, Plaintiff asserts that he filed a motion "amending the suit to $74,000 for breach of contract and damages caused by wrongful termination," citing "Exhibit A and B." (Doc. 11 at 2). "Exhibit A" is a document captioned as an "Amendment to Original Filing" that purports to be an amended complaint filed in state court on May 21, 2018. Plaintiff's purported

amendment is unaccompanied by any motion to amend and offers no rational explanation for the large decrease in his request for damages other than a subtraction of $20,880 in unemployment benefits. However, subtracting that sum from his original claim of $189,000 would still leave a remainder that exceeds the jurisdictional threshold required to support diversity jurisdiction, suggesting that Plaintiff's proposed amendment is offered not in good faith, but rather in an ill-conceived attempt to overcome Defendant's removal to this Court.[2]

Regardless of Plaintiff's motivations, Exhibit A is clearly dated *after* the date that Defendant removed the case to this Court. Accordingly, the "amendment" is of no legal effect and is insufficient to defeat Defendant's assertion of diversity jurisdiction. *See Borkowski v. Abood*, 117 Ohio St.3d 347, 350, 884 N.E.2d 7, 10 (Ohio 2008) ("A basic removal principle is that once the provisions of Section 1446(d)…have been met, the state court is divested of jurisdiction to proceed further until there has been a remand by the federal court."); *accord Allen v. Nationwide Mut. Ins.*, Case No 2:17-cv-561, 2017 WL 4985517 at *2 (S.D. Ohio Nov. 2, 2017), R&R adopted at 2018 WL 276810 (S.D. Ohio Jan. 3, 2018) (denying remand where attempted amended complaint was filed in state court three days after removal because "[f]rom the moment of removal…a filing in state court is a nullity.").

This Court's diversity jurisdiction is determined at the time of removal. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Thus, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the

---

[2]This conclusion is confirmed by Exhibit B. Though not a recognizable pleading under state or federal rules of civil procedure, Exhibit B is captioned as an "Answer to Defendant[']s Notice to State Court of Removal."

6

plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S.Ct. 586, 592 (1938). Although the Defendant's opposition to remand discusses multiple cases on point that add to the conclusion that the amount in controversy supports jurisdiction, there is no need to belabor this point. In short, Plaintiff's attempt to change the amount in controversy after removal will not defeat jurisdiction. *See Hampton v. Safeco Ins. Co. of America*, 614 Fed. Appx. 321, 323 (6th Cir. 2015).

Plaintiff's argument that there is not complete diversity between the parties likewise does not support remand. A corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). Plaintiff contends that in lieu of relying on the Notice of Removal, this Court should consider Plaintiff's own use of his residence as his "home office" and construe that residence as the Defendant corporation's "home office," meaning that Plaintiff and Defendant share the same street address and are not citizens of different states. To support this convoluted argument, Plaintiff cites to a wholly inapplicable IRS rule concerning Plaintiff's own maintenance of a "home office." However, for diversity purposes, a corporation's "principal place of business" refers to the corporation's nerve center, typically a corporation's headquarters, i.e., "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1186 (2010). Under this test, Plaintiff and Defendant are completely diverse.

Because diversity jurisdiction exists in this case and Plaintiff's construed motion to remand is without merit, his motion should be denied. Having confirmed the existence of

this Court's jurisdiction, the undersigned turns next to Defendant's motion to dismiss the complaint for failure to state any claim.

### B. Defendant's Motion to Dismiss

Plaintiff's defamation of character claim is based on the alleged content of Defendant's "counter claim" in response to Plaintiff's Ohio Unemployment application. However, under Ohio law, "[c]ommunications made during unemployment proceedings . . . are subject to an absolute privilege, and may not be used in subsequent actions." *Barilla v. Patella*, 144 Ohio App. 3d 524, 534, 760 N.E.2d 898, 906 (2001) (citations omitted). This privilege has been codified in Ohio Rev. Code § 4141.21, which explicitly limits the use of information collected from employers and employees by the director of job and family services to the "exclusive use . . . of the department of job and family services in the discharge of its duties" and precludes such information from being "open to the public or …used in any court in any action or proceeding pending therein, or …in evidence in any action." For this reason alone, the Complaint fails to state a defamation claim.

Plaintiff's breach of contract allegations also fail to state any claim. To establish a breach of contract under Ohio law, a plaintiff must show that "a contract existed, the plaintiff performed, the defendant breached, and the plaintiff suffered damages." *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). Regarding the first of those elements, a contract in Ohio is required to include "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 96 Ohio

St. 3d 1, 3, 770 N.E.2d 58, 61 (Ohio 2002) (internal quotation marks and additional citation omitted).

Plaintiff's cursory allegations fall short of setting forth the elements of a valid employment contract. Plaintiff complains that Defendant "guaranteed…that [Plaintiff]…was walking into a territory immediately generating $75,000 in income when in fact it was less [than] $54,000 in income." (Doc. 3 at 3).  However, under Ohio law, employment relationships lacking a fixed duration are presumed to be "at-will" and either party "may terminate the employment relationship for any reason which is not contrary to law." *Mers v. Dispatch Printing Co.*, 19 Ohio St. 3d 100, 103, 483 N.E.2d 150, 153 (Ohio 1985).  Plaintiff fails to allege either a fixed duration of his alleged employment contract or any factual support that he had an express or implied contract with enforceable terms and conditions.

In his response in opposition to Defendant's motion, Plaintiff asserts for the first time that his former direct manager "offered in writing, a salary of $77,000." (Doc. 11 at 4).  In support of this new allegation, Plaintiff has attached a copy of an email allegedly sent to Plaintiff by the Defendant's manager prior to Plaintiff beginning his employment, in which the manager discusses the potential salary for the position.  In relevant part, the email reads:

> The territory map is attached, and I can tell you that the dollar volume for 12 months rolling is $375,128 (down a little from what I thought) and that for 2015 it did $402.  Based on the volume, the salary is $40k and the commission is 10%.  That puts you at $77,512 walking in….
>
> If you are interested, I would like you to have a quick chat with Dan Rutan, another manager, and we can move forward from there….

9

(Doc. 11-1 at 7).  Notwithstanding his reliance on the email attached to his response, Plaintiff readily "<u>admits to the 'at-will' status and does not argue it</u>." (Doc. 11 at 5, emphasis added).

Defendant Marcolin's motion to dismiss should be granted because there is no dispute that Plaintiff was an at-will employee.   Plaintiff's attempt to defeat dismissal on the basis of a new allegation that he had a written employment contract with the Defendant is insufficient to support a breach of contract claim.  First, the allegations of Plaintiff's original complaint are facially deficient to state a claim and evidence outside of Plaintiff's complaint cannot be considered by this Court in evaluating a motion to dismiss. Second, the referenced email provides no grounds to overcome Plaintiff's admission that he was an at-will employee.  Even if this Court were to permit Plaintiff to amend his complaint in order to include the new allegation concerning the email, Plaintiff still could not state a breach of an employment contract as a matter of law, because the terms of the email are too indefinite.[3] An indication as to what a sales territory is "generating" during pre-employment salary negotiations does not, in and of itself, constitute an offer of payment.  *See, e.g., Reasoner v. Bill Woeste Chevrolet, Inc.*, 134 Ohio App.3d 196, 200-201, 730 N.E.2d 992, 995 (Ohio Ct. App. 1999) (holding that, without a clear and unambiguous promise of continued employment, representations regarding job security and compensation from sales commissions are insufficient to support a claim for promissory estoppel or an implied contract).

---

[3]Although evidentiary exhibits cannot be considered in the context of a motion to dismiss, the undersigned has reviewed the referenced exhibits in the interests of justice, considering Plaintiff's pro se status.  It appears that the email sets forth a proposed structure of the compensation which, based upon the stated sales volume, Plaintiff interprets as an "offer" of base salary and commission totaling in excess of $77,000.

Last, the Defendant is entitled to dismissal of Plaintiff's wrongful termination claim under Rule 12(b)(6). Plaintiff alleges that he was wrongfully terminated because of his sexual orientation and maintains that his termination did not follow the Marcolin handbook's progressive discipline policy. (Doc. 3 at 3-4). However, sexual orientation discrimination is not a protected class. *See Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006) ("sexual orientation is not a prohibited basis for discriminatory acts under Title VII."); *see also Greenwood v. Taft, Stettinius & Hollister*, 105 Ohio App. 3d 295, 298-99, 663 N.E.2d 1030, 1032 (Ohio Ct. App. 1995) (granting motion to dismiss and stating "the Ohio Civil rights statutes, Ohio Rev. Code Ann. § 4112, do not include sexual orientation among their protections"). Plaintiff concedes as much in his complaint, which admits that "sexual orientation is not covered in Ohio law...." (Doc. 3 at 4). Therefore, Plaintiff cannot maintain a claim for wrongful termination based on sexual orientation.

In his response in opposition to Defendant's motion, Plaintiff contends that his claim is supported by Marcolin's employee handbook, which prohibits discrimination based on sexual orientation. Ohio law, however, holds that employee handbooks are insufficient to create contractual obligations. *See Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 670, 591 N.E.2d 752, 757 (Ohio Ct. App. 1990). Additionally, an employee handbook does not create an actionable claim under state or federal law. *Accord Mumaw v. Dollar General Corp.*, 19 F.Supp.2d 786, 796 (S.D. Ohio 1998).

11

## IV. Conclusion and Recommendation

Accordingly, for the reasons explained above, IT IS RECOMMENDED THAT Defendant's motion to dismiss (Doc. 5) be GRANTED, and that Plaintiff's motion to remand (Doc.11) be DENIED.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MICHAEL GANAWAY,

    Plaintiff,

v.

MARCOLIN, U.S.A.,

    Defendant.

Case No. 1:18-cv-316

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).